SIMPSON & FREY, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 16548. Promulgated April 25, 1929.

*Theo S. Wood, C. P. A.*, for the petitioner.
*W. Frank Gibbs, Esq.*, for the respondent.

OPINION.

TRAMMELL: This is a proceeding for the redetermination of deficiencies in income and profits taxes for 1920 and 1921 in the amounts of $293.57 and $275.84, respectively.

It is alleged (1) that the respondent erred by failing to include in invested capital intangible assets acquired for stock; and (2) that the respondent erroneously deducted from invested capital at the beginning of 1921 additional taxes for 1920, prorated.

The petitioner is a corporation, having its principal office in New York City. On December 24, 1910, it acquired from a partnership the partnership's good will and certain contracts for the sale of musical instruments in the United States for $2,400 par value of its capital stock, and on May 3, 1916, it acquired the good will of an

individual dealer in old violins and also certain old violins for $6,500 par value of its capital stock.

The respondent denied that the Board had jurisdiction for 1920, alleging that there was an overassessment determined by the respondent for that year. The facts are, however, that for 1920, the petitioner and the Cremona Art Violin Co., a corporation, filed a consolidated return showing a total tax liability of $1,943.09. The respondent determined that the consolidated return was improperly filed, whereupon the petitioner filed a separate return showing its liability determined as a separate corporation to be $1,222.99. This amount was increased by the respondent in his final determination to $1,516.56.

At the time of filing the consolidated return there was no agreement between the corporations as to how the tax should be paid and it appears that the tax liability shown by the return filed upon the separate basis was the petitioner's proper proportion of the tax liability computed upon the consolidated return.

In view of the foregoing facts it is our opinion that the Commissioner has in fact determined a deficiency against the petitioner in the amount of $293.57 and that the Board has jurisdiction for that taxable year.

With respect to the value of the intangible and other assets paid in to the corporation for stock in 1910 and 1916, the record does not contain sufficient evidence to overcome the presumption that the determination of the respondent is correct. There was testimony to the effect that the corporation now has a surplus of $300,000 and that for the first five years of its corporate existence it had earnings of about $17,000, yet when the witness, who was the principal stockholder, testified in more detail as to the earnings, he stated that for 1910 the net earnings were $1,419, for 1911, $241, and for 1912, $600, but states that these figures are inaccurate because they would not show what was made in old violins.

There was testimony also to the effect that certain stock was sold at par or higher than par, but we are not advised as to the dates of such sales or the circumstances under which made. The evidence does not disclose the total outstanding stock of the petitioner corporation, what was paid in therefor, nor does the evidence disclose the amount of any tangible property which the corporation may have had. There is testimony to the effect that the income was attributable wholly to the contracts which the principal stockholder had turned over to the corporation in 1910, but in the absence of evidence that the corporation had any tangible property, we can not determine whether this testimony represents merely the conclusion of the witness or whether it is made as representing a fact.

With respect to the transaction wherein the petitioner acquired from its principal stockholder the " old violin " business, the witness testified that this business added from $1,000 to $1,500 per year to the income of the corporation, but the record does not disclose what proportion of its income was attributable to the money invested in the old violins and we are therefore unable to determine the value of the good will of its business. The evidence is uncertain as to whether the corporation acquired for such stock any old violins as stock in trade.

The evidence does not show the value of the assets transferred to the corporation for stock and the testimony introduced is insufficient to overcome the presumption of the correctness of the respondent's determination. No testimony or argument was directed to the question of the action of the respondent as to the reduction of invested capital on account of taxes for the previous year. On that question the action of the respondent is approved.

*Judgment will be entered for the respondent.*